Mr. Justice Walker, delivered the opinion of the court. This is an action of Replevin. The declaration contains two counts, one for the taking and detention, the other for the detention only. The defendant demurred for misjoinder of counts: the demurrer was overruled and judgment rendered for the plaintiff. The question is, can these two counts be joined in the same ation. The'general rule is that where the same pleas may be peaded, and the same judgment given on all of the counts in theL dielaration, or where the. counts are of the same nature, and the sane judgment is to be given on them all, though the plea be diferent, as in the case of debt on bond and simple contract, they ray be joined. 1 Chit. Pl. 200. In this case the same form of ation is presented in each count; upon each the judgment is th same; the statute however provides different pleas, and evi-datly contemplated different affidavits, adapted to the facts in eah count. No objection therefore could be taken to the join-de of these counts, unless by doing so that provision of the sttute which requires an affidavit to be filed by the plaintiff be-fos the commencement of the action be rendered inoperative. Th affidavit should state that the property was wrongfully tak-enif for the taking; and if for the detention only, that it was wrngfully detained. Now if it was consistent with truth that on could be guilty of a tortious act, and still have acquired the prperty peaceably and lawfully and be only liable for a wrong-fuldetention, then one affidavit would suffice; otherwise, one or theother of these counts must, if allowed to be joined, remain witLOut an affidavit of the truth of the material allegations con-taiied in it. Suppose however that, in truth, the plaintiff was theowner of two horses (for example) and the defendant ac-quies peaceable possession of one of them, and tortiously takes theother, and detains both; the plaintiff is clearly entitled to this acton to recover both of them, and the question is, shall he be dri'en to two actions to recover them, or should he be permitted to iue for both in one declaration, varying the counts to suit the fac;s? If he can make the necessary affidavits we think he should be permitted to do so; for the courts invariably discourage multiplicity of actions. In cases oí this kind we are of -opinion that the plaintiff may truly file two affidavits, or one embracing both counts, distinctly verifying the truth of each count. By this means the whole object of the statute in requiring an affidavit would be fully subserved and the parties saved the expense of two suits. It is true in this case that the affidavit is not sufficiently comprehensive to embrace both counts. Had that defect been plead in abatement, the count unsupported by affidavit should have been abated, for the plaintiff was endeavoring to prosecute his action upon two counts, when in fact his affidavit only.related to one. The demurrer however does not reach this objection. We have the facts contained in the declaration alone before us, from which it affirmatively appears that the property in the second count is other and different property from that in the first count. The demurrer admits this' to be true and we are simply called upon to say whether these counts may be joined in the same action without reference to the fact, whether the affidavit is sufficient or not. We are of opinion that they may, and that the demurrer was properly overruled. The judgment of the Circuit Court is therefore in all things affirmed with costs.